OPINION
Timothy W. Pierce appeals the March 7, 2000 judgment of the Bellefontaine Municipal Court, following a trial to the court for leaving the scene of an accident and obstructing official business.
On November 19, 1999, Ms. Tammy Hantrwsky was driving into the parking lot at the Bellefontaine Holiday Inn when a white van crashed into the driver's side corner panel of her truck. After the accident, Ms. Hantrwsky stopped her truck and got out. The driver of the van also stopped his vehicle and got out. Ms. Hantrwsky approached the man, asked him if he had been drinking and if he had insurance. The other driver stated that he had not been drinking and did have insurance. Ms. Hantrwsky suggested that the two go to the front desk of the hotel and call the police, and the other driver agreed. However, he apparently changed his mind once he got back in his van, and proceeded to drive off toward the south side of the parking lot of the hotel. Ms. Hantrwsky proceeded to the hotel lobby where she called the police.
Shortly thereafter, two Bellefontaine Police Officers arrived on at the hotel lobby, and interviewed Ms. Hantrwsky. They also interviewed the hotel desk clerk, who had noticed Ms. Hantrwsky talking to the other driver after the accident and identified him as appellant Timothy Pierce, who had registered as a guest at the hotel a few minutes earlier. She also informed the police that she had seen appellant driving a white van past the lobby just prior to registering him. She directed the two officers to room 102, which had been registered to the appellant.
The two police officers checked the hotel parking lot, and located a white van that had damages and scratches on it. The white van was parked directly in front of room 102, and was later determined to belong to appellant. The officers knocked on the door, which was answered by the appellant, who appeared to be intoxicated. When asked if the van was his, appellant initially responded "yes," and then said, "is it back now? I didn't even know my friend had taken it." The officers asked about appellant's "friend," and appellant claimed that "he just worked with him" and he did not know the man's name. He later stated that he believed the man's first name to be "Jeff," but could not recall a last name. The officers also asked whether "Jeff" has been staying in the same hotel room as appellant, but appellant replied that he "did not know because he did not know what Jeff did."
Based on the foregoing evidence, appellant was charged with leaving the scene of an accident in violation of Bellefontaine City Ordinance Section 335.13 and obstructing official business in violation of Bellefontaine City Ordinance Section 525.07. Following a bench trial, appellant was convicted of both offenses. He now appeals, and asserts three assignments of error.
 The trial court's finding of guilt on the charge of leaving the scene of an accident or private property was against the weight of the evidence and contrary to law, in that the evidence demonstrated that the Defendant talked with police regarding the accident within 24 hours.
Appellant first argues that that the City of Bellefontaine presented insufficient evidence to convict him of leaving the scene of an accident. Bellefontaine City Ordinance Section335.13 is analogous to R.C. 4549.021, and reads as follows:
 In case of accident or collision resulting in injury or damage to persons or property upon any public or private property other than public streets or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall stop, and upon request of the person injured or damaged, or any other person, shall give such person his name and address, and, if he is not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle, and, if available, exhibit his driver's or commercial driver's license.
 If the owner or person in charge of such damagedproperty is not furnished such information, the driver ofthe motor vehicle involved in the accident or collisionshall within twenty-four hours after such accident orcollision, forward to the police offices the sameinformation required to be given to the owner or person incontrol of such damaged property and give the date, timeand location of the accident or collision.
B.C.O. 335.13 (emphasis added). Appellant argues that because Ms. Hantrwsky "was not furnished such information," his only duty was to report the accident to the police within twenty-four hours after the accident occurred. Citing State v.Ginn (Dec. 1, 1982), Montgomery App. No. 7879, unreported, 1982 WL 3873, appellant argues that the second paragraph of B.C.O. 335.13 describes "an alternative method of compliance, failure of which to comply [with] is an element of the offense." Seeid. at *3. Appellant therefore argues that he had twenty-four hours to report the accident and because twenty-four hours had not passed between the time of the accident and his arrest, he cannot be found guilty of a violation of the ordinance.
Here, it is beyond doubt that a reasonable person in appellant's position would have interpreted Ms. Hantrwsky's suggestion that the two drivers go the hotel lobby and call the police as the "request to furnish * * * information" described in the first paragraph of the ordinance. Appellant's refusal to comply with Ms. Hantrwsky suggestion then placed a duty upon him to notify the police within twenty-four hours. However, the evidence as viewed in a light most favorable to the State establishes that the defendant had no intention of reporting the accident at all. When questioned by the police shortly after the accident, appellant took the position that he knew nothing about it.
Appellant was given an opportunity to comply with the first paragraph of the ordinance by providing Ms. Hantrwsky the required information. He was then given an opportunity to comply with the second paragraph of the ordinance by providing the police with the required information. The appellant chose not to comply. Cf. id.
at *3. The rule he proposes on appeal would require that the police wait twenty-four hours before charging a driver with leaving the scene of an accident, even in the face of clear evidence that the driver has no intention of reporting the accident. It is self-evident that this rule is nonsensical. Accordingly, we hold that the City met its burden of proof and overrule appellant's first assignment of error.
 The trial court finding of guilt on the charge of obstructing official business was against the manifest weight of the evidence and contrary to law, because the State [sic] offered no evidence indicating that the police investigation of the traffic accident was hampered or impeded by statements obtained from the Defendant.
 Because the Defendant's statements to police were exculpatory denials, he cannot be found guilty of obstructing official business.
Appellant's two remaining assignments of error address the obstructing official business charge. He first contends that the evidence presented was insufficient to convict him of the charge. B.C.O. 525.07(A) states that "[n]o person, without privilege to do so and with purpose to prevent, obstruct or delay the performance of a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties." Defendant argues that because both police officers testified that they did not believe the defendant's story about "Jeff" that the evidence establishes that the police were not impeded or hampered in any way by his statements. We disagree. The defendant's statements could be interpreted by a rational trier of fact as a purposeful attempt to delay the accident investigation, and one that hampered the officers' attempt to conclude the investigation in an efficient fashion. We cannot conclude that the State failed to meet its burden of proof merely because the defendant is not a creative storyteller.
Appellant next argues that his references to "Jeff" are mere exculpatory denials and therefore cannot form the basis of an obstructing official business charge under R.C. 2921.31. Cf. Cityof Columbus v. New (1982), 1 Ohio St.3d 221, 227 (falsification ordinance that did not exempt exculpatory denials held unconstitutional). However, in State v. Lazzaro (1996), 76 Ohio St.3d 261, the Ohio Supreme Court held that "[t]he making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of * * * 2921.31(A)." Id.
at the syllabus. In that case, the Court determined that false statements (other than general denials) that are "intended to mislead and impede [an] investigation" are not exculpatory denials.
We believe that appellant's statements, which attempted to shift blame for the accident onto "Jeff," cannot be construed as simple denials of responsibility. Rather, a reasonable trier of fact could conclude that appellant was not simply disclaiming his own responsibility for the accident, but was attempting to mislead the police and shift the focus of the accident investigation away from himself and onto "Jeff." Moreover, we note that even assuming appellant's statements are merely exculpatory denials, inLazzaro the Ohio Supreme Court expressly reserved judgment as to whether the "exculpatory no" doctrine was implicated by the obstructing official business statute, see id. at 265, and the United States Supreme Court subsequently observed that exculpatory denials are not a protected activity under the Fifth Amendment and can be the basis of liability under the federal False Claims Act. See generally Brogan v. United States (1998) 522 U.S. 398. We therefore find no support for appellant's argument that exculpatory denials are constitutionally precluded from forming the basis of an obstructing official business charge.
For these reasons, appellant's three assigned errors are overruled, and the judgment of the Municipal Court of Bellefontaine are affirmed.
 ________________________ SHAW, J.
 HADLEY, P.J., and BRYANT, J., concur.